Chambers of
BENSON EVERETT LEGG
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUN 14  P 3: 34

CLERK'S OFFICE
AT BALTIMORE

Y_____DEPUTY

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

June 13, 2002

MEMORANDUM TO COUNSEL RE     National Capital Administrative Services v.
                             Carmen Pinkert, Civil No. L-01-4191

Dear Counsel,

    I have reviewed Defendant's Motion to Dismiss and conclude that additional briefing is necessary. Accordingly, Plaintiff shall submit a brief, which addresses the following questions:

(i)     Defendant asserts that the relevant subrogation/reimbursement provision of Defendant's plan reads as follows:

> The Plan may elect ... to advance payment of medical benefits in those situations where the injury is caused by or results from the acts or omissions of a Participant where other insurance (such as auto or homeowners) is available.

Is this an accurate statement of the subrogation/reimbursement provision(s) relied on by Plaintiff?

(ii)     Defendant argues that the subrogation/reimbursement provision does not apply in the instant case because Defendant's injury did not result from "acts or omissions of a Participant." How does Plaintiff respond?

(iii)     The subrogation/reimbursement provision is restricted to instances where "other insurance" is available. The Complaint lays claim to the proceeds of a settlement in personal injury case. Why is this covered by the subrogation/reimbursement provision?

(iv)     Defendant's Motion to Dismiss relies heavily on Great-West Life & Annuity Insurance Company v. Knudson, 122 S.Ct. 708 (2002). Knudson states that:

> a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property



>    identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.

>    Id. at 714. Is not there a distinction between a contractual right to reimbursement, and an instance where money belonging to a Plaintiff in "good conscience" can be "clearly traced" to Defendant?

(v)   Can the funds in dispute be "clearly traced" to Plaintiff? What if the funds were not intended to cover medical expenses, but instead to compensate for pain and suffering?

(vi)  What happens in a case where there are substantial damages, but questionable liability, and the injured party settles for less than the cost of the medical benefits? Would the plaintiff insurance company be entitled to the entire recovery? Would the insurance company be entitled to contest any proposed settlement contending that the amount the plaintiff is accepting is too low?

Plaintiff's brief is due on or before June 28, 2002. Defendant shall file a reply on or before July 5, 2002. Neither brief should exceed 12 pages in length.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

*[signature]*

Benson Everett Legg

c:  Court File